ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **JUAN ANTONIO RODRÍGUEZ VELÁZQUEZ**<br><br>Peticionario<br><br>v.<br><br>**AUTORIDAD METROPOLITANA DE AUTOBUSES**<br><br>Recurrido | TA2025AP00642 | **APELACION** acogido como *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.:<br>**SJ2025CV020191**<br><br>Sobre:<br>Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de enero de 2026.

Comparece el señor Juan Antonio Rodríguez Velázquez (Sr. Rodríguez Velázquez o peticionario) mediante una *Apelación* en la que nos solicita que únicamente revisemos la *Sentencia RPC 36* emitida por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan, el 10 de noviembre de 2025, por no imponerle a la Autoridad Metropolitana de Autobuses (AMA o parte recurrida) el pago de honorarios de abogado por temeridad.[1] Mediante dicho dictamen, al amparo de la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, el foro primario declaró Con Lugar la solicitud de sentencia parcial desestimatoria presentada por la parte recurrida solo a los efectos de desestimar la acción sobre cobro de intereses acumulados previo al laudo emitido por el Negociado de Conciliación

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 44. Notificada y archivada en autos el 10 de noviembre de 2025.

y Arbitraje del Departamento del Trabajo y Recursos Humanos el 11 de octubre de 2024.[2]

Asimismo, el foro *a quo* declaró Con Lugar la demanda de epígrafe, únicamente en parte, condenando así a la parte recurrida al pago de una suma de $53,140.47, de la cual había depositado una cuantía de $49,965.86 en el TPI.[3] Además, ordenó a la parte recurrida al pago de las costas a favor del Sr. Rodríguez Velázquez, conforme a la Regla 44.1 de Procedimiento Civil, *supra*, R. 44.1.

Ahora bien, la presente causa versa sobre honorarios de abogado y no cuestiona la sección dispositiva de la sentencia. A pesar de que el Sr. Rodríguez Velázquez instó un recurso de apelación, en su alegato discute los criterios del auto discrecional por lo que lo acogemos como un auto de *certiorari*. Además, mantendremos el mismo alfanumérico asignado por la Secretaría de esta Curia en aras de la economía procesal.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari*.

**I.**

El caso de marras tiene su génesis el 12 de marzo de 2025 cuando el Sr. Rodríguez Velázquez presentó una demanda en contra de la parte recurrida en concepto de cobro de dinero.[4] Expuso que el Negociado de Conciliación y Arbitraje rindió un laudo de arbitraje el 11 de octubre de 2024 con relación a la Querella A-13-182 donde ordenó a la parte recurrida a realizar el pago de una suma de $24,982.93 en concepto de salarios y beneficios dejados de percibir, más la doble penalidad sobre dicha cantidad, a favor del Sr. Rodríguez Velázquez. Además, impuso a la parte recurrida el pago de un 25% en concepto de honorarios de abogado. Sin embargo, el

---

[2] *Íd.*, Entrada Núm. 1, *Laudo arbitral*.
[3] Esta cuantía cambió a $51,734.57, luego del que el foro primario emitiera una *Sentencia RPC 36 en reconsideración* con el propósito de corregir las tasas de interés aplicables a las deudas del gobierno. *Íd.*, Entrada Núm. 48.
[4] *Íd.*, Entrada Núm. 1.

Sr. Rodríguez Velázquez planteó que, ante la renuencia de la parte recurrida en satisfacerle el dinero adeudado extrajudicialmente, se vio obligado a radicar la demanda de marras. De este modo, suplicó del foro primario ordenar a la parte recurrida al pago del mismo, más intereses desde la presentación de la Querella A-13-182, al igual que una cantidad no menor al 25% por honorarios de abogado; y el pago de costas y/o gastos incurridos durante el trámite del cobro de la deuda y la demanda de autos.

Por otro lado, la parte recurrida radicó una *Contestación a demanda en cobro de dinero* el 7 de mayo de 2025 en la que admitió adeudar tanto la suma de $24,982.93 como la doble penalidad de dicha cantidad, totalizando a $49,965.86 a favor del Sr. Rodríguez Velázquez.[5]

El 21 de mayo de 2025, el Sr. Rodríguez Velázquez presentó una *Solicitud de sentencia sumaria.*[6] En lo pertinente, reiteró su petición de la imposición de honorarios de abogado por temeridad en contra de la parte recurrida por esta última haberse negado a pagar extrajudicialmente el dinero adeudado provocando la radicación del caso de epígrafe.

El 2 de junio de 2025, la parte recurrida consignó en el foro *a quo* una cuantía de $49,965.86 como compensación por los salarios y beneficios dejados de percibir, a tenor con el laudo de arbitraje.[7]

Ulteriormente, el 25 de septiembre de 2025, la parte recurrida presentó una *Oposición a solicitud de sentencia sumaria presentada por el demandante y en solicitud de sentencia parcial desestimatoria.*[8] Suplicó del foro *a quo* que dictara una sentencia

---

[5] *Íd.*, Entrada Núm. 10.

[6] *Íd.*, Entrada Núm. 12.

[7] *Íd.*, Entrada Núm. 16; véase además, *Íd.*, Entradas Núm. 15, 17, 21-24, 26, 28. Conforme al laudo, la parte recurrida también consignó una suma de $12,491.46 en concepto de honorarios de abogado a favor del licenciado José Velaz Ortiz, representante legal de la Hermandad de Empleados de Oficina, Comercio y Ramas Anexas AMA y del Sr. Rodríguez Velázquez ante el Negociado de Conciliación y Arbitraje.

[8] *Íd.*, Entrada Núm. 37.

parcial desestimatoria, pues adujo que no procedía el pago de intereses pre sentencia desde la fecha de la radicación de la querella ante el Negociado de Conciliación y Arbitraje, los intereses post sentencia desde la presentación del pleito de epígrafe, ni los honorarios de abogado por temeridad. Por el contrario, expuso que el Sr. Rodríguez Velázquez solamente tenía derecho al pago de $24,982.93 y la doble penalidad.

El 10 de noviembre de 2025, el foro primario emitió la *Sentencia RPC 36* recurrida, al amparo de la Regla 36 de Procedimiento Civil, *supra.* Por medio de este dictamen, desestimó la acción en cobro de intereses acumulados previo al laudo en cuestión, y así, declaró Con Lugar la demanda solo en cuanto a condenar a la parte recurrida al pago de $53,140.47, de los que la parte recurrida había depositado $49,965.86.[9]

Posteriormente, el 2 de diciembre de 2025, el TPI enmendó la *Sentencia RPC 36* a los efectos de corregir las tasas de interés aplicables a las deudas de gobierno.[10] En su consecuencia, ordenó a la parte recurrida a pagar una suma de $51,734.57, en lugar de $53,140.47.

Inconforme, el Sr. Rodríguez Velázquez radicó una *Apelación* ante nos el 5 de diciembre de 2025 y apuntaló al foro primario por los siguientes señalamientos de error:

> **PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESATENDER LOS HECHOS DE ESTE CASO, Y NO IMPONERLE A LA AUTORIDAD METROPOLITANA DE AUTOBUSES EL PAGO DE HONORARIOS DE ABOGADO POR TEMERIDAD.**

> **SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL SUSTITUIR SU CRITERIO POR EL DE NUESTRO ORDENAMIENTO.**

---

[9] *Íd.*, Entrada Núm. 44. Notificada y archivada en autos el 10 de noviembre de 2025; *Íd.*, Entrada Núm. 45.
[10] *Íd.*, Entrada Núm. 48. Notificada y archivada en autos el 3 de diciembre de 2025.

Por su parte, la parte recurrida presentó un *Alegato en oposición a escrito de apelación* el 5 de enero de 2026.

**II.**

**A.**

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones realizadas por un foro inferior y cuya expedición descansa en la sana discreción del tribunal. *Rivera v. Arcos Dulces,* 212 DPR 194, 207 (2023); *McNeil Healthcare, LLC v. Municipio de Las Piedras,* 206 DPR 391, 403 (2021). La característica distintiva del recurso de *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. El concepto *discreción* necesariamente implica la facultad de elegir entre diversas opciones". *IG Builders v. BBVAPR,* 185 DPR 307, 338 (2012) (bastardillas en el original). No obstante, " 'en el ámbito judicial, la discreción no debe hacer abstracción del resto del Derecho. . . . Es decir, [la] *discreción* es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera' ". *IG Builders v. BBVAPR, supra,* pág. 338 (*citando a Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009)) (bastardillas en el original); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

En ese sentido, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez-López,* 213 DPR 314, 336-337 (2023). La referida regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que esta Curia se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty, supra*, págs. 96-97.

**III.**

Luego de evaluar sosegadamente lo planteado por el Sr. Rodríguez Velázquez, al igual que el expediente del pleito de marras, no se desprende falta alguna atribuible al TPI en la ejecución de sus funciones adjudicativas, de modo que resulte meritorio expresarnos sobre lo resuelto en esta etapa de los procedimientos. Ante la ausencia de razón que mueva nuestro criterio discrecional de expedir el auto de *certiorari*, conforme a la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, nos abstenemos de ejercer nuestra función revisora y de intervenir con la determinación del foro *a quo*.

## IV.

Por las razones discutidas anteriormente, denegamos la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones